**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
August W. Heckman III (030222005)
Ann Marie Effingham (209642016)
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant Altice Technical Services*
*(incorrectly identified in the Complaint as "Altice Technical Services USA")*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT NAHAMA,<br><br>Plaintiff,<br><br>vs.<br><br>ALTICE TECHNICAL SERVICES USA, an operating division of CSC HOLDINGS, LLC; ALTICE USA, INC.; ELIZABETH BROGAN, ABC CORPS. 1-3, and JOHN and JANE DOES 1-10 (fictitious persons not yet known),<br><br>Defendants. | Civil Action No.: _____<br><br>**NOTICE OF REMOVAL**<br><br><br><br>*Document Electronically Filed* |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a), (b) and 1446, Defendant Altice Technical Services (incorrectly identified in the Complaint as "Altice Technical Services USA") (hereinafter "ATS"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby removes the above-captioned action from the Superior Court of the State of New Jersey, Bergen County, Case No. BER-L-2751-20, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, ATS states as follows:

**PROCEDURAL BACKGROUND**

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows: upon information and belief, Plaintiff Scott Nahama ("Plaintiff") allegedly resides in Garfield, Bergen County, New Jersey and is represented by Jamison M. Mark, Esq., 675 Morris Avenue, Suite 102, Springfield, New Jersey 07081.  Defendant Elizabeth Brogan is alleged to be a resident of East Windsor, New Jersey.  Defendant ATS is an operating division of CSC Holdings, LLC, a corporate entity, with a principal place of business at One Court Square, Long Island City, NY 11714.  ATS is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.  Defendant Altice USA, Inc. ("Altice") is a Delaware corporation with a principal place of business in New York, located at One Court Square, Long Island City, New York 11101.  Altice is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

2. On May 8, 2020, Plaintiff filed a civil action in the Superior Court of the State of New Jersey, Bergen County, captioned *SCOTT NAHAMA v. ALTICE TECHNICAL SERVICES USA, et al.*, Civil Action No. BER-L-002751-20.

3. Plaintiff has not yet served the Complaint on ATS or any Defendant.

**GROUNDS FOR REMOVAL**

4. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6. Federal district courts also have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332.

**Amount in Controversy**

7. In the Complaint, Plaintiff seeks monetary damages and equitable relief, averring that Defendants' alleged unlawful conduct caused Plaintiff to suffer loss of his pension, health, and other benefits; loss of wages, including back pay and front pay; punitive damages; pre- and post-judgment interest; and costs of suit and attorneys' fees. *See* Complaint, attached hereto as Exhibit A.

8. While Plaintiff does not quantify the damages he seeks to recover, he cannot show to a legal certainty that his alleged damages amount to less than $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (denying motion to remand where plaintiffs sought damages, interest, costs of suit and attorney fees because plaintiffs did not expressly limit damages to $75,000 or less and attorney's fees alone can add up to hundreds of thousands of dollars).

9. Based on the allegations of the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

**Citizenship**

10. Plaintiff is a citizen of the State of New Jersey. *See* Complaint, Ex. A, at ¶ 1.

11. Defendant ATS is a citizen of the State of New York and Delaware.

12. Defendant ATS is an operating division of CSC Holdings, LLC, which is a citizen of New York and Delaware.

13. The only member of CSC Holdings, LLC is Cablevision Systems Corporation, a Delaware corporation with its headquarters and principal place of business in New York. Accordingly, CSC Holdings, LLC is a citizen of Delaware and New York because it is a limited liability company whose only member is incorporated in Delaware and has a principal place of business in New York. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a corporation is both its state of incorporation and the state of its principal place of business…. [A] limited liability company is a citizen of all the states of its members."); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), "the citizenship of an LLC is determined by the citizenship of its members.").

14. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of any state in which it has been incorporated and of any state where it has a principal place of business. Defendant Altice USA, Inc. is a Delaware corporation, with a principal place of business in New York.

15. Defendant Elizabeth Brogan is alleged to be and upon information and belief is a citizen of the State of New Jersey. Although Defendant Brogan is a citizen of the State of New Jersey, she has not yet been properly joined and served pursuant to the applicable rules of procedure and 28 U.S.C. § 1442(b)(2). *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902

F.3d 147, 153-54 (3d Cir. 2018) (permitting a defendant "to use pre-service machinations to remove a case that it otherwise could not").

16. Defendants John and Jane Does 1-10 are fictitious entities, and, as such, their citizenship shall be disregarded for purposes of determining diversity. *See* 28 U.S.C. § 1441(b)(1).

17. Neither ATS, nor the improperly named defendant, Altice Technical Services USA, have been served with process. Additionally, neither Altice nor Defendant Brogan have been served with process. *See* 28 U.S.C. §1441(b)(2) (requiring "parties in interest [to be] properly joined and served as defendants[.]"); *Encompass Ins. Co.*, 902 F.3d at 153-54 (recognizing same). Accordingly, ATS herein waives service to effectuate removal.

18. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants. *See* 28 U.S.C. § 1441(b)(2).

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

19. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Bergen County, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See, generally*, Complaint, Ex. A.

20. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Bergen County, where the suit has been pending.

21. WHEREFORE, pursuant to 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United

States District Court for the District of New Jersey and respectfully requests that the Superior Court of the State of New Jersey, Monmouth County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

|  |  |
|---|---|
| | Respectfully submitted,<br>MORGAN, LEWIS & BOCKIUS LLP |
| | */s/ August W. Heckman III*<br>August W. Heckman III<br>Ann Marie Effingham<br>502 Carnegie Center<br>Princeton, New Jersey 08540-7814<br>Telephone: (609) 919-6600<br>Facsimile: (609) 919-6701<br>august.heckman@morganlewis.com<br>annmarie.effingham@morganlewis.com<br>*Attorneys for Defendant Altice Technical Services (incorrectly identified in the Complaint as "Altice Technical Services USA")* |
| Dated: May 19, 2020 | |

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May 2020, a true and correct copy of the foregoing Notice of Removal with exhibit was served on the party listed below via Federal Express:

Jamison M. Mark, Esq.
THE MARK LAW FIRM
675 Morris Avenue, Suite 102
Springfield, New Jersey 07081
*Attorneys for Plaintiff*

*/s/ August W. Heckman III*
August W. Heckman III